UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES GREER, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-98-HAB-SLC |
| SAMUEL R KERINS, et al., | |
| Defendants. | |

OPINION AND ORDER

James Greer, a prisoner without a lawyer, filed an amended complaint. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Greer filed his original complaint against three detention facilities for allegedly detaining him in violation of his constitutional rights related to a robbery charge. *See generally* ECF 1. The court issued a deficiency order explaining that he could not sue the facilities themselves, that his claims were impermissibly vague and did not adequately explain what happened, when it happened, where it happened, who was involved, nor how he was personally injured, and that it was unclear how the claims against the three

entities were related. *See* ECF 2 at 2–4. Greer's amended complaint brings claims against Judge Samuel R. Kerins and Prosecutor Karen E. Richards for charges related to the aforementioned robbery along with a public nudity charge. Specifically, he states he was "falsely accused as charged but only guilty of robbery." ECF 7 at 3. He seeks monetary damages for "time wasted." *Id*. at 4.

Although the allegations set forth by Greer are somewhat difficult to follow, a review of the state court electronic docket sheds light on the matter.[1] Greer was charged with a level 5 robbery pursuant to Ind. Code § 35-42-5-1(a)(1) for events that occurred on August 19, 2020. *See generally State of Ind. v. James K Greer*, cause no. 02D06-2008-F5-000329 (filed Aug. 25, 2020), available online at: https://public.courts.in.gov/mycase (last visited May 24, 2023). The charges were based on a probable cause affidavit submitted by Fort Wayne Police Department Officer Alexander Ramon. *See attached Affidavit for Probable Cause, Ex. A*. Officer Ramon responded to a call by a Fort Wayne BP Gas Station employee named Daljit Kaur, who stated that a black male in his early twenties wearing a dark track suit with a white Puma logo on it came into the station and stole several items. *Id*. When she attempted to stop him, he pulled the bag away and kicked Ms. Kaur, knocking her onto the concrete which caused her pain. *Id*. A subject matching the description was found three blocks away and was positively

---

[1] The court is permitted to take judicial notice of public documents in screening the complaint. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018); *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts."). Because some of the relevant documents are available online to Indiana attorneys but not readily available online to the public—in the spirit of N.D. Ind. L.R. 7-1(f)—the clerk will be directed to attach a copy of those relevant filings to this order.

2

identified by Ms. Kaur. *Id*. Greer was arrested, and Prosecuting Attorney Karen E. Richards signed off on the felony robbery charges on August 24, 2020. *See attached Information, Ex. B*. Judge Samuel Keirns[2] was assigned to the case, and Attorney Richards prosecuted the matter. *See generally State of Ind. v. James K. Greer*, cause no. 02D06-2008-F5-000329 (filed Aug. 25, 2020), available online at: https://public.courts.in.gov/mycase (last visited May 24, 2023). Greer entered into a plea agreement on September 15, 2021, and he was sentenced to a term of four years in prison, with two years ordered executed and two years ordered suspended. *Id*. On May 10, 2022, his probation was revoked, and a warrant was issued for his arrest. *Id*. On June 30, 2022, Judge Keirns entered an amended sentence—changing the two-year suspended sentence to a two year sentence to be served in prison—due to the probation violation involving a "New Offense" in cause no. 02D05-2205-CM-1483. *See id*. at *Abstract of Judgment dated June 30, 2022*.

The new offense involved public indecency and public nudity. *See generally State of Ind. v. James K. Greer*, cause no. 02D05-2205-CM-001483 (filed May 9, 2022), available online at: https://public.courts.in.gov/mycase (last visited May 24, 2023). According to the detailed probable cause affidavit, police officers were dispatched to a Valparaiso, Indiana Starbucks on May 8, 2022, due to complaints about a man who was masturbating in the restroom and was refusing to leave. *See attached Affidavit for Probable Cause, Ex. C*. When officers arrived, they found Greer in the unlocked restroom actively

---

[2] Greer incorrectly spells his name as Kernis throughout his complaint.

3

masturbating on the ground with his pants pulled down. *Id*. The officers observed he was using soap on his penis and that live chat pornography was displayed on his phone. *Id*. Several witnesses observed Greer before the officers arrived, and they provided statements to the police. *Id*. A hearing on probable cause was held, and a magistrate judge found that probable cause existed to arrest him. *Id*. Greer entered into a plea agreement on June 23, 2022, pled guilty to public indecency under Ind. Code § 35-45-4-1(a)(4), and was sentenced to ninety days in jail that same day. *See generally State of Ind. v. James K. Greer*, cause no. 02D05-2205-CM-001483 (filed May 9, 2022), available online at: https://public.courts.in.gov/mycase (last visited May 24, 2023).

Based on the allegations in his amended complaint plus the available public records, it appears that Greer takes issue with the fact that his robbery sentence was amended—changing the suspended portion of his sentence to a two year term of imprisonment—due to the probation revocation related to the public indecency charge.

As an initial matter, the defendants named by Greer are immune from liability in this lawsuit. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted). Here, Greer does not allege that Judge Keirns lacked jurisdiction to preside over his case, and there is no question that issuing orders, holding hearings, and ruling on matters such as

4

revocations are judicial acts. *See John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990) ("[A] judge who assigns a case, considers pretrial matters, and renders a decision acts well within his or her judicial capacity.")). Therefore, he cannot proceed against Judge Keirns.

With regard to Attorney Richards, "[p]rosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Id*. (internal quotation marks and citation omitted). Because Greer's suit challenges Attorney Richards's discretionary prosecutorial decision-making action in bringing the various charges against him—undoubtedly part of the judicial phase of the criminal process—the claims against her may not proceed either.

Even if some sort of malicious prosecution claim could be teased out of Greer's conclusory allegations, the complaint would still need to be dismissed. Federal claims for malicious prosecution brought pursuant to 42 U.S.C. § 1983 have been recognized as arising under the Fourth Amendment. *See Thompson v. Clark*, --- U.S. ----, 142 S. Ct. 1332, 1337 (2022) ("That is because the gravamen of the Fourth Amendment claim for malicious prosecution, as this Court has recognized it, is the wrongful initiation of charges without probable cause."). Such claims require that the prosecution was

5

instituted without probable cause, that that motive in bringing the charge(s) was "malicious," and that the prosecution terminated in favor of the accused. *Id.* at 1338.

Here, as noted above, Greer pled guilty to two of the offenses he was charged with—the level 5 robbery charge and the public indecency charge. Those charges have not been overturned on appeal. *See generally State of Ind. v. James K Greer*, cause no. 02D06-2008-F5-000329 (filed Aug. 25, 2020) and *State of Ind. v. James K. Greer*, cause no. 02D05-2205-CM-001483 (filed May 9, 2022), both available online at: https://public.courts.in.gov/mycase (last visited May 24, 2023). Thus, any implied malicious prosecution claim must fail. *See Crowder v. Barrett*, no. 22-1899, 2023 WL 3145312, at *4 (7th Cir. Apr. 28, 2023) ("Finally, to the extent that [the plaintiff] intends to argue that he was unfairly prosecuted, that argument must fail because his robbery charge ended in a conviction that has not been overturned.") (citing *Thompson*, 142 S. Ct. at 1341)).[3]

Additionally, to the extent Greer is challenging his ongoing detention and/or conviction, he may not do so in a civil rights action under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement); 28 U.S.C. §§ 2241 (pretrial) & 2254 (post-conviction).

---

[3] The court notes that any such claim must also fail because the attached probable cause affidavits establish there was probable cause to arrest and prosecute him for both the robbery and public indecency charges. *See Thompson*, 142 S. Ct. at 1338; *see also Young v. City of Chicago*, 987 F.3d 641, 644 (7th Cir. 2021) (Probable cause is a "common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred.") (quoting *Whitlock v. Brown*, 596 F. 3d 406, 411 (7th Cir. 2010)).

As a final matter, Greer filed another motion to proceed in forma pauperis (ECF 8), but that motion will be denied as moot because he was already granted leave to proceed in forma pauperis. *See* ECF 5.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, the court:

(1) DIRECTS the clerk to attach the Affidavit for Probable Cause related to the robbery charge as Exhibit A, the Information related to the robbery charge as Exhibit B, and the Affidavit for Probable Cause related to the public indecency/nudity charge as Exhibit C;

(2) DENIES the motion to proceed in forma pauperis as moot (ECF 8); and

(3) DISMISSES this complaint pursuant to 28 U.S.C. § 1915A because it fails to state any viable claims and because James K. Greer has sued defendants who are immune from relief.

SO ORDERED on June 6, 2023.

s/Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT